IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**BARBARA J. SMITH**; **RICK D. SMITH**; **MIDFIRST BANK**; **RAY KLEIN, INC.**; **OREGON DEPARTMENT OF REVENUE**; and **DESCHUTES COUNTY**,

    Defendants.

_____

**Civ. No. 6:13-cv-01843-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    The United States brings this action seeking to foreclose its federal tax liens on a parcel of property located at 61240 King Solomon Lane, Bend, Oregon 97702 (Subject Property). This Court previously granted plaintiff's Motion for Entry of Default, ECF No. 18, against Ray Klein, Inc. on August 18, 2014. Plaintiff now seeks a default judgment against Ray Klein, Inc., ECF No. 43, that: (1) terminates any claim that Ray Klein, Inc. might have in the Subject Property and (2) precludes Ray Klein, Inc. from entitlement to any portion of the proceeds upon sale of the Subject Property. Upon review, plaintiff's motion for default judgment against Ray Klein, Inc., ECF No. 43, is GRANTED.

    Pursuant to FRCP 55(b)(2), this Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). This Court, in exercising its discretion, may consider the factors outlined in *Eitel v. McCool*, 782 F.2d 1470,

1471–72 (9th Cir. 1986) (citations omitted).[1] This Court, having considered the *Eitel* factors, notes that Ray Klein, Inc. previously submitted written consent to the United States for entry of "default and the removal of our lien from the property." *See* Decl. of Quinn P. Harrington 2, ECF No. 19-1. This consent, particularly when considered in light of potential prejudice to the United States and Ray Klein, Inc.'s limited interest in the property,[2] supports default judgment. Accordingly, plaintiff's motion for default judgment against Ray Klein, Inc., ECF No. 43, is GRANTED.

IT IS SO ORDERED.

DATED this 7th day of April, 2015.

_____
**Michael J. McShane
United States District Judge**

---

[1] The *Eitel* factors include:

    (1) the possibility of prejudice to the plaintiff;
    (2) the merits of plaintiff's substantive claim;
    (3) the sufficiency of the complaint;
    (4) the sum of money at stake in the action;
    (5) the possibility of a dispute concerning material facts;
    (6) whether the default was due to excusable neglect; and
    (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

782 F.2d at 1471–72.

[2] The United States named Ray Klein, Inc. as a defendant because it believed Ray Klein, Inc. *may* claim an interest in the Subject Property. *See* Compl. 2, ECF No. 1.

2 – OPINION AND ORDER